LEONORA, f. w. c., *v.* E. P. SCOTT, Executor, etc.

A bequest in these words, " I give and bequeath to my child, J. D., $3000, to be paid him on his at-
taining the age of twenty-one years," is an absolute gift which does not lapse by the death of the
child before attaining his majority, but vests immediately in the heir of the child, on the death of
the latter.

When, in such a bequest, the testator directs interest on the legacy to be paid for the support and
maintenance of the child, the heir of the child will be entitled to the interest also.

APPEAL from the District Court of St. Martin.
  E. *Simon*, for plaintiff.  J. G. *Olivier*, for defendant and appellant.

SPOFFORD, J.   Certain provisions in the last will and testament of *Douglas
Wilkins*, deceased, have given rise to this suit.

Several points were mooted in the court below, and generally decided in favor
of the plaintiff.   The defendant has appealed; and the plaintiff, in answer to the
appeal, has prayed that the judgment be reformed in her favor, as to the interest
alone.

The appellant's counsel, in his argument, has raised but one issue in this court,
to which we shall accordingly confine our remarks.

The question is, whether a legacy in favor of a natural child of the plaintiff,
who has died since the testator, lapsed by the subsequent death of the child, and
fell to the residuary legatee?   In other words, whether the testamentary dispo-
sition in question was conditional upon an uncertain event, or absolute, so far as
to vest a transmissible right in the child at the moment of the testator's death,
although accompanied by a condition which suspended its execution for a term?

After acknowledging in his will that *Joseph Douglas* and *Charles Dudley* are
his natural children by the plaintiff, a mulattress, and providing that the manumis-
sion of the mother and children should be perfected according to law, the testa-
tor made the following bequest:

" Thirdly, I hereby give to the said *Leonora* an annuity of one hundred and
fifty dollars a year during her natural life, as a charge upon my whole estate.

" Fourthly, I give and bequeath unto my natural son, *Joseph Douglas*, three
thousand dollars, and unto my natural son, *Charles Dudley*, two thousand dol-
lars, to be paid to them respectively on their attaining the age of twenty-one
years.   It is further my will that, as soon as they shall be old enough to be
separated from their mother, my executors shall send them to some State of the
Union in which slavery is not tolerated, to be instructed in reading, writing and
arithmetic, and in some mechanical art or trade.

It is further my wish, that interest at the rate of 8 per cent. per annum on the
said sums of three and two thousand dollars, from the time of my death, shall be
appropriated for the maintenance and instruction of my said natural children, as
aforesaid, the said interest to be equally divided between the said children.

*Douglas Wilkins*, the testator, died on the 2d December, 1847, and his succes-
sion being opened in the parish of St. Martin, was inventoried at the sum of
$62,725 28.

The emancipation of *Leonora* and her two children was effected, the children
remained with the mother until early in 1849, when one of them, viz., *Joseph
Douglas*, died; the plaintiff is tutrix of the survivor, *Charles Dudley*.

The appellant maintains that there is deducible from the whole will a manifest intention on the part of the testator to give a legacy of three thousand dollars to *Joseph Douglas*, only upon condition that he should live to the age of twenty-one years; and the fact that so small an annuity is left to the plaintiff is urged as favoring this construction.

The case is controlled by the following articles of the Civil Code :

" ART. 1691.  Every testamentary disposition made on a condition depending on an uncertain event, so that in the intention of the testator the disposition shall take place only inasmuch as the event shall or shall not happen, is without effect, if the instituted heir or legatee dies before the accomplishment of the condition."

" ART. 1692.  A condition which, in the intention of the testator, does but suspend the execution of the disposition, does not hinder the instituted heir or the legatee from having a right acquired and transmissible to his heirs."

" ART. 1705.  In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament."

To hold that the bequest to *Joseph Douglas* was conditioned upon his reaching the age of majority, would require us to depart from the proper signification of the terms used by *Douglas Wilkins*.  The gift is absolute ; the term of payment is fixed at the period of the legatee's majority ; *purum legatum est, quia non conditione, sed mora suspenditur*.  Dig. De Cond. et Demon., L., 79.  The articles 1691, 1692 of the Louisiana Code are identically the articles 1040, 1041 of the Napoleon Code.  In commenting upon the latter articles, Toullier says : " Je donne à *Paul* 3000f., qui lui seront comptés le jour de sa majorité.  Il n'y a là qu'un terme et non une condition.  Si *Paul* meurt avant avoir atteint sa majorité, le legs est transmis à ses héritiers," etc.  Toullier, vol. 5, No. 674.

The inference sought to be drawn by the appellant from the modicity of the bequest to *Leonora,* is too doubtful and remote to rebut the plain expressions of the testator's will.  If we were to resort to other parts of the instrument to elucidate the intention of the bequest to *Joseph Douglas*, we should also be obliged to consider that disposition by which the testator requests interest at the rate of 8 per cent. per annum to be paid thereupon from the time of his own decease, a provision difficult to be understood, if he had not absolutely bequeathed a principal sum to the legatee as a foundation for the demand for interest.

Upon this branch of the case we find no error in the judgment of the District Court.

But it appears that there was error to the prejudice of the appellee in not carrying out the intention of the testator as to the interest, which is due, by the terms of the will, upon the amounts of the legacies, from the day of his death.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be so amended as to allow the plaintiff interest upon *the* sum of three thousand dollars, awarded to her in her own right, as heir to *Joseph Douglas*, deceased, at the rate of 8 per cent. per annum from the 2d December, 1847, until paid, and a like interest from the same date, until paid, upon the sum of two thousand dollars, awarded to her as the tutrix of *Charles Dudley.*  It is further ordered and decreed that, in all other respects, the said judgment be affirmed, the costs of appeal to be paid by the defendants and appellants.